IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CENTERDOR JACKSON,            )
                              )
        Petitioner,           )
                              )
                              )    CIV-04-1615-L
v.                            )
                              )
MIKE MULLINS, Warden,         )
                              )
        Respondent.           )

REPORT AND RECOMMENDATION

Petitioner has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner is challenging his convictions for Murder in the First Degree and Shooting with Intent to Kill entered in the District Court of Oklahoma County, Case Nos. CRF-84-4152 and 147188.[1]  The matter has been referred to the undersigned Magistrate Judge for

---

[1] Petitioner provides no specificity in his Petition concerning the nature of the convictions he is attempting to challenge. However, information available on the publicly-accessible website for the Oklahoma State Courts Network, www.oscn.net, reflects the nature of his convictions in Case No. CRF-84-4152. The website also reflects that Petitioner's convictions in Case No. CRF-84-4152 were affirmed in a direct appeal to the Oklahoma Court of Criminal Appeals by Order entered January 5, 1989. <http://www.oscn.net/applications/ocisweb/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=20660&db=Appellate>.  The same website reflects that by Order entered September 14, 1995, the Oklahoma Court of Criminal Appeals affirmed the district court's denial of Petitioner's second post-conviction application. <http://www.oscn.net/applications/ocisweb/GetCaseInformation.asp?submitted=true&vie

initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

Effective April 24, 1996, the statutes governing federal habeas corpus actions for state and federal prisoners were substantially amended by the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214. The AEDPA amends 28 U.S.C. §2244 by adding a one-year period of limitation on the filing of a petition seeking a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. §2244(d)(1).

Prior to the enactment of the AEDPA, there was no specific time limit imposed on the filing of a habeas petition. See Vasquez v. Hillery, 474 U.S. 254, 265(1986)("Congress has yet to create a statute of limitations for federal habeas corpus actions."); United States v. Smith, 331 U.S. 469, 475(1947)("habeas corpus provides a remedy for jurisdictional and constitutional errors at the trial, without limit of time"). Because application of the new limitation period prescribed in 28 U.S.C. §2244(d)(1) would unjustly and retroactively preclude the filing of habeas petitions by prisoners whose time had elapsed prior to the AEDPA's enactment, the majority of the circuits, including the Tenth Circuit Court of Appeals, gave such prisoners an equitable "grace" period of one year from April 24, 1996,

---

wtype=caseGeneral&casemasterID=32551&db=Appellate>.

or until April 23, 1997, to file their federal habeas corpus petitions. *E. g.*, Hoggro v. Boone, 150 F.3d 1223, 1225-1226(10th Cir. 1998).

Petitioner filed this Petition on November 29, 2004, and his Petition is therefore governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336(1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996). Because Petitioner did not file his Petition until over seven years after the one-year limitation period governing his federal habeas claims expired, the Petition is untimely.

In this circuit, the §2244(d)(1) limitation period "may be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998). In Miller, the circuit court contemplated that extraordinary circumstances, *i.e.*, "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetence," may warrant equitable tolling of the §2244(d)(1) limitation period. Id. at 978. Equitable tolling is appropriate, for instance, "when a prisoner is actually innocent" or "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period" but is not appropriate in circumstances amounting to "excusable neglect." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Nevertheless, the Tenth Circuit has recognized that §2244(d)(1) "requires inmates to diligently pursue claims" in state and federal courts. Miller, 141 F.3d at 978. Accord, Gibson, 232 F.3d at 808. Petitioner has not diligently pursued his federal claims, nor has he shown any extraordinary

circumstances sufficient to warrant the equitable tolling of the limitation period. Although he alleges he is innocent, he has failed to provide any cogent evidence to support his allegation. Accordingly, the Petition should be dismissed on the basis that it is time-barred.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 be DISMISSED as untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 22, 2005, in accordance with 28 U.S.C. §636 and LCvR 72.1. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656(10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   31st   day of   January  , 2005.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE